**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Post Office Box 1997
Morristown, New Jersey 07962-1997
(973) 538-4006
Vito A. Gagliardi, Jr., Esq.
vagagliardi@pbnlaw.com
Kerri A. Wright, Esq.
kawright@pbnlaw.com
Attorneys for Defendants Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."), Pele Edwards, Steven Copeland, and Natalie Posteraro

<div align="center">

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

</div>

| | |
|---|---|
| CASSANDRA STANLEY,<br><br>            Plaintiff,<br><br>        v.<br><br>LOWE'S COMPANIES, INC., a North Carolina Corporation, PELE EDWARDS, an individual, STEVEN COPELAND, an individual, NATALIE POSTERARO, and individuals, JOHN DOES 1-10 (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious),<br><br>            Defendants. | **DOCUMENT ELECTRONICALLY FILED**<br><br>Removed From:<br>Superior Court of New Jersey<br>Somerset County – Law Division<br><br>**NOTICE OF REMOVAL** |

**TO:**   William T. Walsh, Clerk
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Clerk, Law Division
Superior Court of New Jersey
Somerset County Courthouse
20 N Bridge Street
Somerville, NJ 08876

Gregory Devero, Esq.

4247281

Devero Taus, LLC
266 King George Road, Suite 1
Warren, NJ 07059
*Attorney for Plaintiff*

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."), Pele Edwards, Steven Copeland, and Natalie Posteraro, by and through their attorneys, Porzio, Bromberg & Newman, P.C., hereby remove this action, Docket No. L-923-19, from the Superior Court of New Jersey, Law Division, Somerset County, to the United States District Court for the District of New Jersey. Removal is proper based upon diversity jurisdiction, as follows:

### A.    Nature of the Civil Action

1.    Lowe's, Edwards, Copeland, and Posteraro are named as defendants in a civil action entitled *Cassandra Stanley v. Lowe's Companies, Inc., et al.* filed in the Superior Court of New Jersey, Law Division, Somerset County, bearing Docket No. L-923-19. Plaintiff Cassandra Stanley ("Plaintiff") commenced this action by filing a complaint with the Clerk of the Superior Court of New Jersey, Law Division, Somerset County, on July 12, 2019. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

2.    This is an employment case in which Plaintiff seeks damages allegedly arising out of her employment with Lowe's at its store located in the Township of Hillsborough, State of New Jersey.

3.    In the complaint, Plaintiff claims that Defendants violated the New Jersey Conscientious Employee Protection Act, *N.J.S.A.* 34:19-2, *et seq.*, the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1, *et seq.*, and the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-2, *et seq.* based on an allegation that they discriminated against Plaintiff and retaliated against Plaintiff in disciplining her and terminating her employment.

4247281                                    2

**B.**    **Timing and Perfecting of Removal**

4.    As of the date of this notice, Lowe's has not been served with the Complaint.

5.    As of the date of this notice, none of the individual defendants have been served with the Complaint.

6.    Based upon the foregoing, this matter became removable pursuant to 28 U.S.C. §1446(b) on July 16, 2019, when Defendant Lowe's received a copy of the complaint. Accordingly, this Notice of Removal is in compliance with 28 U.S.C. §1446(b), as it is being filed within thirty (30) days of Defendant Lowe's receipt of a copy of the complaint.

6.    As required by 28 U.S.C. §1446(a), the pleading received by Lowe's in this action to date is attached hereto as **Exhibit "A."**

7.    Upon filing of this Notice of Removal, this office shall promptly provide written notice thereof to the Clerk of the Superior Court of New Jersey, Law Division, Somerset County, and counsel for plaintiff, Gregory Devero, Esq.  A copy of the Notice of Filing of a Notice of Removal to be filed with the Superior Court of New Jersey, Law Division, Somerset County is attached hereto as **Exhibit "B."**

**C.**    **Diversity Jurisdiction**

8.    According to the complaint, Plaintiff is a resident and citizen of the State of New Jersey.

9.    Lowe's Home Centers, LLC is a limited liability company organized under the laws of the State of North Carolina.  Its principal place of business is in Wilkesboro, North Carolina.  The sole member of Lowe's Home Centers, LLC is Lowe's Companies, Inc., a North Carolina corporation.  Neither Lowe's Home Centers, LLC nor Lowe's Companies, Inc. are incorporated in New Jersey, nor does either entity have a principal place of business in New Jersey.

10.    According to the complaint, Defendant Pele Edwards is a resident of the State of New Jersey. Defendant Pele Edwards has not been served with the complaint.

11.    According to the complaint, Defendant Steven Copeland is a resident of the State of New Jersey.  Defendant Steven Copeland has not been served with the complaint.

12.    According to the complaint, Defendant Natalie Posteraro is a resident of the State of New Jersey. Defendant Natalie Posteraro has not been served with the complaint.

13.    Plaintiff does not specifically state an amount of damages in her pleadings, however, in her complaint, she seeks to recover lost past and future wages, bonuses, employee benefits and other perquisites, reinstatement as well as commensurate promotions and salary increases she allegedly would have received, damages for alleged emotional distress, pain and suffering, humiliation, medical expenses, attorney's fees, and costs of suit.  In her complaint, she alleges a "substantial loss of income and other pecuniary harm, diminishment of career opportunity and business reputation, loss of esteem, disruption to her personal life, physical and emotion trauma and other irreparable harm, pain and suffering."  She also seeks punitive damages.  It thus is apparent from the face of the complaint that the amount in controversy exceeds $75,000.00.

14.    Based on the facts set forth above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity of citizenship).

15.    By virtue of the provision at 28 U.S.C. §1441(a), and in accordance with 28 U.S.C. §1446(b), because none of the individual defendants who allegedly reside in New Jersey have yet been served with the complaint, this entire matter is one that may be removed to this Court.

16.    Pursuant to 28 U.S.C. §1441(a), Defendants are removing the state action to the District of New Jersey because this Court "embrac[es] the place where such action is pending."

Venue is proper in the Trenton Division of the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§1391 and 1441.

17.     By filing this Notice of Removal of this civil action, Defendants do not waive any of their defenses, including, but not limited to, their right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."), Pele Edwards, Steven Copeland, and Natalie Posteraro hereby remove this civil action from the Superior Court of New Jersey, Law Division, Somerset County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**PORZIO, BROMBERG & NEWMAN, P.C.**
Attorneys for Defendants
Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."), Pele Edwards, Steven Copeland, and Natalie Posteraro
100 Southgate Parkway
Post Office Box 1997
Morristown, New Jersey  07962-1997
(973) 538-4006

By:    Kerri A. Wright

Dated: July 16, 2019

Exhibit A

DEVERO TAUS LLC
Gregory A. Devero, Esq. Bar ID 003531991
266 KING GEORGE ROAD, SUITE I
WARREN, NEW JERSEY 07059
 (908) 375-8142
ATTORNEYS FOR PLAINTIFF CASSANDRA STANLEY

| | |
|---|---|
| CASSANDRA STANLEY, <br><br> Plaintiff <br><br> v. <br><br> LOWE'S COMPANIES, INC., a North Carolina Corporation, PELE EDWARDS, an individual, STEVEN COPELAND, an individual, NATALIE POSTERARO, and individual, JOHN DOES 1-10, (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> SOMERSET COUNTY <br><br> DOCKET NO.: <br><br><br> COMPLAINT AND JURY DEMAND |

Plaintiff, Cassandra Stanley ("Plaintiff"), residing at 6 DeLeon Circle, Franklin Park,

Somerset County, State of New Jersey 08823, complaining of Defendants, alleges as follows:

## PARTIES

1.     Defendant Lowe's Companies, Inc. ("Lowe's") is a corporation operating and

licensed to do business in New Jersey, with its primary place of business located at 1000 Lowe's

Blvd., Mooresville, County of Iredell, State of North Carolina 28117 and has been authorized to

conduct business and has conducted business throughout the State of New Jersey at all times

relevant in this Complaint including, but not limited to their facility at 315 Route 206 Suite 600,

Hillsborough Township, County of Somerset, State of New Jersey 08844.

2.     Defendant Pele Edwards ("Edwards"), a New Jersey resident, was a Store Manager

at Lowe's and an upper level supervisor of Plaintiff at all times relevant in this Complaint,

contributed to and/or was responsible for the discrimination, and wrongful termination of Plaintiff and acted under color of and in the capacity of his position with Defendant Lowe's and/or XYZ Corporations.

3.      Defendant Steven Copeland ("Copeland"), a New Jersey resident, was the Assistant Store Manager at Lowe's and a upper level supervisor of Plaintiff at all times relevant in this Complaint, contributed to and/or was responsible for the discrimination, retaliation and wrongful termination of Plaintiff and acted under color of and in the capacity of his position with Defendant Lowe's and/or XYZ Corporations.

4.      Defendant Natalie Posteraro ("Posteraro"), a New Jersey resident, was a Support Manager-Back End at Lowe's and a direct supervisor of Plaintiff at all times relevant in this Complaint, contributed to and/or was responsible for the discrimination, retaliation and wrongful termination of Plaintiff and acted under color of and in the capacity of her position with Defendant Lowe's and/or XYZ Corporations.

5.      Defendants John Does 1-10 ("John Does") are presently unidentified individuals that had ownership interest and/or management interest and/or otherwise were involved in the employment, harassment, discriminatory and/or retaliatory conduct at all times relevant in this Complaint. Plaintiff reserves the right to amend the Complaint to include these individuals should their identities be revealed in further discovery.

6.      Defendants XYZ Corporations 1-10 ("XYZ Corporations") are presently unidentified business entities that were employers of Plaintiff and/or had ownership interest and/or management interest and/or otherwise were involved in the employment, harassment, and/or retaliatory conduct at all times relevant in this Complaint. Plaintiff reserves the right to amend the Complaint to include these parties should their identities be revealed in further discovery.

2

## FACTUAL ALLEGATIONS

7.      Plaintiff commenced her employment with Lowe's as an associate in 2004 at Defendants' store at 315 Route 206 in Hillsborough, NJ.

8.      Plaintiff received a promotion to the position of Return to Manufacturer Clerk ("RTM Clerk") in 2006.

9.      Plaintiff continued in her role as an RTM Clerk until her unlawful and discriminatory termination on August 5, 2018 because of her disability, receipt of workers compensation benefits and reporting of unsafe working conditions she reasonably believed to be against the law.

10.     Prior to her termination, Plaintiff was earning $17.92 per hour with full benefits and working full time.

11.     As an RTM Clerk, Plaintiff was required to inventory, package, call and seek reimbursement from the manufacturer for any damaged and/or defective items in inventory or returned by customers and move and keep organized anything that was returned to this Lowe's location.

12.     Plaintiff was also responsible for organizing repairs for customer appliances, mowers, tractors and any other yard machines.

13.     This often required Plaintiff to move heavy items such as refrigerators and washing machines and to correctly package hazardous materials, such as paint, battery acid, poison and other dangerous chemicals.

14.     This is not the typical customer service return area at the entrance of each Lowe's.

15.     Rather, this process happens outside of the general public's view.

16.     The return merchandise area is in the back of the stores, in the employee only area.

3

17.     Depending on how many returns are received, staffing levels and the rapidity of the manufacture's responses, this area can become dangerously overcrowded.

18.     Prior to 2018, the RTM Clerk position had been divided into two separate positions; an RTM Clerk and an SOS coordinator.

19.     Each position was handled by a separate, full-time team member.

20.     From 2006 until March 2018, Plaintiff was the RTM Clerk at this location.

21.     The SOS coordinator position was occupied by a number of different people over the years.

22.     The RTM Clerk position was responsible for processing and returning to the manufacturer stock items that were returned by customers and defective and damaged items found in the store's inventory.

23.     The SOS coordinator's position was responsible for processing and returning special order items returned by customers.

24.     However, in March of 2018 the roles were combined, and Plaintiff was now tasked with performing both jobs.

25.     This greatly increased Plaintiff's workload and directly created many of the dangerous conditions that ultimately led to Plaintiff's most recent injuries.

26.     As a result, Plaintiff routinely advised management of the dangerous conditions she faced in her position.

27.     Plaintiff was told by Store Manager, Defendant Pele Edwards, Assistant Store Manager, Defendant Steven Copeland and Support Manager-Back End, Defendant Natalie Posteraro that the chemicals that were returned must be correctly processed and packaged daily, and Plaintiff strictly complied to that standard.

4

28.     However, over the weekends when Plaintiff was not working or when she took vacation, the chemicals were rarely processed and were all waiting for her to return.

29.     Upon her arrival on Monday mornings, Plaintiff was often greeted by chemicals improperly packaged or not packaged at all by her co-workers that spilled or leaked out of their original containers.

30.     On numerous occasions customers would return batteries and her co-workers would not properly package the batteries.

31.     As a result of her co-workers not packaging the batteries properly, battery acid would leak all over the floor in her work area.

32.     On one such occasion, while trying to correct her co-workers improper packaging of a battery, Plaintiff picked up the bag and the battery fell through the bag.

33.     The battery hit the floor and battery acid splattered all over Plaintiff.

34.     The battery acid ate numerous holes through her shirt.

35.     Subsequently, Defendant Copeland used Plaintiff's shirt, that was ruined by battery acid, during a training on how to properly package hazardous materials.

36.     Plaintiff knew from her training and experience at Defendant Lowe's that the proper storage and handling of chemicals was strictly regulated by the Occupational Health and Safety Administration ("OSHA").

37.     OSHA regulation 29 CFR 1926.152(f)(2) provides that, "Leakage or spillage of flammable liquids shall be disposed of promptly and safely."

38.     Plaintiff also reasonably believed that improper storage and handling of chemicals could become a dangerous health hazard for her and her fellow employees and the customers shopping at this location.

5

31.     On September 19, 2017, Plaintiff sent an email to all employees and management at her location regarding the state of the hazardous materials being stored at her station and objected that coworkers were placing hazardous material in customer bags and not the spill kit bags required by OSHA.

32.     Plaintiff advised that the hazardous materials were leaking in her area due to the inadequate packaging of the materials by coworkers.

33.     On November 7, 2017, Plaintiff sent an email to Defendant Posteraro, her direct supervisor, regarding the hazardous materials.

34.     Plaintiff advised Defendant Posteraro that she was unable to finish all of the hazmat clean-up because she ran out of the proper disposal bags and she needed to assist her coworker in the receiving area.

35.     Plaintiff also asked for assistance because of the high influx of returns and damaged products.

36.     On November 10, 2017, Plaintiff sent an email to Defendants Posteraro and Copeland regarding the hazmat in her area.

37.     Plaintiff stated that the barrels in her hazmat cage were mislabeled and she needed help tagging and relabeling them because it was a significant amount of work if it was to be completed properly and in a timely fashion.

38.     On December 4, 2017, Plaintiff sent an email to Defendant Copeland, expressing her frustrations with coworkers that were still not disposing of the hazmat properly.

39.     Plaintiff again asked Defendants Posteraro and Copeland for help in this department, yet none was forthcoming.

40.    In addition to the dangerous chemicals that were not being processed correctly, Plaintiff's work area became dangerously overcrowded due to her injuries, the resulting lifting restrictions and the repeated failure of her supervisors to provide her with the help she had repeatedly requested.

41.    Plaintiff reasonably believed that OSHA regulations required her area to maintain a clear path to allow for safe egress.

42.    However, due to her injuries and because she was on a lifting restriction, her area become dangerously overcrowded and the 3-foot egress lane was often not maintained.

43.    On numerous occasions the entire egress lane was completely blocked off with returns and no egress lane was present at all.

44.    Plaintiff repeatedly requested that Defendants Posteraro and Copeland assign additional help to her area because of the excessive returns, that she reasonably believed blocked the egress lane in violation of the law but would only occasionally receive the requested help.

45.    On other occasions she was informed by Defendant Posteraro there was no one available to assist her and her area became dangerously overcrowded.

46.    OSHA regulation 29 CFR 1926.152(b)(4)(vii) requires that, "In every inside storage room there shall be maintained one clear aisle at least 3 feet wide. Containers over 30 gallons capacity shall not be stacked one upon the other."

47.    The overcrowding as well as the physical nature of the work directly resulted in Plaintiff's work-related injuries and resulted in an extremely hazardous condition for Defendants' employees and customers.

48.    On January 25, 2018, Plaintiff was working in the RTM area.

49.    She was moving a heavy appliance and felt a severe pain in her groin.

7

50.     Plaintiff immediately informed her supervisor, Defendant Posteraro, of her injury.

51.     As a result of her injury at work and resulting disability, Plaintiff believed she would need a reasonable accommodation to continue to properly perform the responsibilities of her position.

52.     Therefore, on January 29, 2018, Plaintiff sent an email to her manager, Defendant Posteraro about the ability of an employee, Chris (last name unknown), in the receiving department, to provide the necessary assistance and accommodation needed in the department.

53.     However, Defendant Posteraro informed Plaintiff that Chris would not be able to help her because he did not have the required certifications to work with hazardous materials.

54.     While that may have been true for a period of time, Chris could have assisted Plaintiff moving heavy items without any additional certifications.

55.     Plaintiff repeatedly requested assistance from Chris and other employees to move heavy items.

56.     Occasionally, Chris and other co-workers would be available and occasionally they would not be available to assist.

57.     However, Chris would often be assigned to other locations and could not assist Plaintiff without being directly instructed to assist.

58.     Even after Chris obtained the proper certifications in 2018, Defendant Posteraro refused to allow Chris to work in Plaintiff's area.

59.     Defendant Posteraro told Plaintiff that processing hazmat materials was her responsibility.

60.     However, but in light of her work-related injury, and the combination of the positions, she was physically incapable of performing all of her duties without the reasonable accommodation of additional employees to help her in this area.

8

61.     When Plaintiff requested assistance lifting and moving inventory, Defendant Posteraro's response was to tell Plaintiff to ask her co-workers for assistance.

62.     However, because Plaintiff was not a supervisor, co-workers often refused to assist her or had other duties to attend to.

63.     Plaintiff advised both Defendants Posteraro and Copeland that on numerous occasions her co-workers refused to assist her.

64.     Defendants Poseraro and Copeland's responses varied but ultimately, they did not assign sufficient staff to support Plaintiff.

65.     Unfortunately, neither Defendants Posteraro, Edwards, Copeland or any other Lowes' managerial employees took any additional actions to provide Plaintiff with the necessary, reasonable accommodation she needed.

66.     Additionally, Plaintiff attempted to impress upon management and to clarify the dangerous conditions of her work area by sending pictures of the area to Defendant Edwards on January 31, 2018 and Defendant Posteraro on February 1, 2018, among other days.

67.     Shortly after sending these pictures to management, Defendant Edwards sent an all-store email requesting employees process returns correctly.

68.     However, there was no follow through by Defendant Edwards and Plaintiff's co-workers continued to package returns in an incorrect and dangerous manner.

69.     Additionally, there was nothing done by other members of management to address these hazardous conditions that Plaintiff reasonably believed to be against the law..

70.     On February 16, 2018, Plaintiff had an appointment with Defendant Lowe's Workers Compensation Doctors from U.S. HealthWorks Medical Group related to her injured groin.

9

71.     Plaintiff was seen by Estelita Ouano, M.D., who diagnosed Plaintiff with a strain to her right inguinal muscle and referred her to physical therapy.

72.     At that time, Dr. Ouano also placed a 20lb. lifting restriction on Plaintiff.

73.     On February 28, 2018, Brian L. Adames, P.A.C. from U.S. HealthWorks removed her 20lb. lifting restriction.

74.     Each time Plaintiff went to U.S. HealthWorks, she was seen by the staff doctor on duty.

75.     Desperate for methods to remedy the dangerous working conditions she reasonably believed were against the law, on March 12, 2018, Plaintiff sent an email to her coworkers and copied her supervisors describing the proper method of disposal of paint.

76.     Plaintiff believed that if her co-workers would dispose of paint correctly, she would not have to dedicate additional time to that task and would be able to begin to clear some of the backlog in her area.

77.     Because Plaintiff was subject to the 20lb lifting restriction for two weeks, she was prevented from moving large items such as refrigerators and washing machines.

78.     Coupled with the lack of assistance, her area had become backlogged with large items and hazardous materials.

79.     As a result, on March 26, 2018, Plaintiff received a write-up because her area was overcrowded, and she had not disposed of the hazmat every day in accordance with Defendant Lowe's and OSHA procedures.

80.     However, this writeup is disingenuous and pretextual when looking at the totality of the situation.

10

81.     After the combination of the roles, Plaintiff's lifting restrictions, and the lack of assistance, it was not humanly possible for her to package and return all the merchandise without assistance.

82.     Plaintiff repeatedly pled with management to receive an accommodation for additional assistance as she was performing the job of two people and performing under a lifting restriction at that point.

83.     In an effort to remedy the hazmat situation on her own, after repeatedly being ignored or denied additional assistance, on April 19, 2018, Plaintiff asked to work overtime to reduce the backlog and dispose of the hazardous material properly.

84.     This was even after she received a pretextual write-up for this very problem.

85.     Plaintiff's request was denied.

86.     However, likely in response to her email, on April 22, 2018, a mass email was forwarded by Defendant Copeland to all employees going over the proper closing procedure for RTM's, SOS returns, recycled tractor batteries, etc.

87.     Plaintiff regularly complained about the hazmat and overcrowding situation at Defendant Lowe's to her supervisor and upper management.

88.     On another occasion, on May 9, 2018, while moving another large appliance, Plaintiff tripped over a pallet on the ground and injured her knee, arm and shoulder.

89.     Plaintiff immediately reported her injury to her supervisor Defendant Posteraro.

90.     On May 10, 2018, Plaintiff was directed to go back to Lowe's Workers Compensation physicians at U.S. Health Works Medical Group.

91.     Plaintiff was diagnosed with contusions on her left knee by James Bellamy, D.O.

92.     At that time, Dr. Bellamy imposed a 10lb lifting restriction on Plaintiff.

93.     Dr. Bellamy also referred Plaintiff to physical therapy.

94.     Plaintiff's return to full unrestricted work was scheduled for May 24, 2018.

95.     Plaintiff completed the appropriate workers compensation paperwork.

96.     On May 11, 2018, Plaintiff emailed Defendant Copeland about an assistant, Tyshera Timmons, that had been assigned to assist her in her duties in her department.

97.     Plaintiff informed Defendant Copeland that Ms. Timmons had only worked with her for a small amount of time that week and requested that Ms. Timmons be made available to her the following week.

98.     Defendant Copeland replied that Ms. Timmons would be splitting time between Plaintiff's department and coordinating the PSE.

99.     Ms. Timmons informed Plaintiff and Supervisor Trish (last name unknown) that her main duty was coordinating PSE.

100.    Despite Defendant Copeland's assurances that Ms. Timmons would be splitting time between the departments, Defendant Posteraro would regularly assign Ms. Timmons to perform other, more desirable tasks due to their close personal friendship.

101.    As a result of the limited amount of time that Ms. Timmons was dedicating to the RTM Department and Plaintiff's most recent lifting restriction, Plaintiff's workload began to back-up again as it had during her prior injury and subsequent lifting restriction earlier in the year.

102.    Despite that, Ms. Timmons continued to not assist Plaintiff in the amount necessary to complete her job and Plaintiff again requested that Defendant Copeland specify the amount of time Ms. Timmons would be assigned to Plaintiff's department.

103.    Although, Defendant Copeland set a specific schedule to assist Plaintiff, Ms. Timmons did not abide by that schedule and Defendant Copeland did not enforce it.

104. Due to the limited assistance of Ms. Timmons, and in light of lifting restrictions that Plaintiff was under and Lowes' repeated failure to provide Plaintiff with the necessary reasonable accommodation she had repeatedly requested, she was not able to perform all of the responsibilities required in her work area.

105. On May 29, 2018, Regional Manager for Loss Prevention, Matthew Petrucelli, inspected Plaintiff's work area, while she was out at the Lowe's workers compensation doctors, U.S. Health Works Medical Group.

106. During that appointment, Plaintiff's lifting restriction was increased from 10lbs. to 20 lbs.

107. While inspecting Plaintiff's work area, Mr. Petrucelli found that Plaintiff's area was not up to his standards and referred the matter to Defendant Copeland for appropriate disciplinary action.

108. Defendant Copeland told Plaintiff that Mr. Petrucelli was not happy with the status of her area.

109. On June 1, 2018, Plaintiff emailed Mr. Petrucelli, regarding the cage in her area not being up to the standards it had been prior to her injuries.

110. Plaintiff expressed that she was injured, had a lifting restriction and desperately needed help in her department.

111. As a result of Plaintiff's continued requests for a reasonable accommodation due to her work-related injury, Defendant Lowe's complete indifference to her request, and her inability to perform all of her tasks, on June 4, 2018, Plaintiff was written up by Defendant Copeland for not finishing her duties, including heavy lifting.

13

112.    On June 5, 2018, Plaintiff contacted the Lowe's Ethics Hotline and reported the unfair disciplinary and retaliatory action resulting in a write-up.

113.    On June 7, 2018, June 14, 2018 and June 25, 2018, Plaintiff updated Ethics Point with additional relevant information regarding her claims.

114.    Several weeks later, Mr. Powell contacted Plaintiff.

115.    Plaintiff explained what happened to her in detail, specifically that she was given a write-up for not finishing her duties, which included heavy lifting, and that she was on a lifting restriction.

116.    Plaintiff explained that, despite numerous requests, Defendant Lowe's management never offered to accommodate her lifting restriction and that Defendant Lowe's management told her that despite her restrictions and minimal, limited, inconsistent assistance from Ms. Timmons, Plaintiff should be able to get her job done.

117.    On June 8, 2018, Plaintiff emailed Defendant Copeland and Defendant Posteraro again to let them know Ms. Timmons wasn't able to help out that day because the deliveries department needed to use her computer.

118.    Plaintiff requested that deliveries be moved to another computer, so it did not interrupt Ms. Timmons helping her.

119.    On June 13, 2018, Plaintiff emailed Defendant Posteraro and informed her she needed help moving appliances and did not receive an answer or the requested assistance.

120.    On June 15, 2018, Plaintiff returned to U.S. Health Works Medical Group and her lifting restriction was increased to 25lbs.

121.    This significantly improved her ability to perform her job.

14

122.    However, Plaintiff was still unable to lift the very heavy items, such as refrigerators and these types of items began to back up in her area, again creating a dangerous working area.

123.    On June 26, 2018, Loss Prevention Officer, Adrian Pisowicz emailed Plaintiff and requested that on top of her backlog, Plaintiff must now submit a report of any items that Plaintiff removed from her worklist.

124.    Plaintiff would remove items daily.

125.    This functioned to slow any progress Plaintiff was achieving to a crawl as this process was cumbersome and further contributed to the backup in Plaintiff's area.

126.    Defendant Posteraro began making discriminatory comments that Plaintiff had heard from coworkers such as Plaintiff is "slow" and "only one person should be able to do that job easily."

127.    Due to her workplace injuries, Plaintiff was on lifting restrictions which hindered her ability to perform her job without assistance from coworkers to lift heavy items.

128.    Plaintiff constantly asked her supervisors for this assistance, but it was not consistently provided.

129.    Plaintiff felt that she needed to go on Worker's Compensation leave, but the physicians that Plaintiff saw at U.S. Health Works only imposed lifting restrictions.

130.    Plaintiff requested several times to go on Worker's Compensation leave, but at no time did they place her on leave pursuant the Worker's Compensation Act.

131.    Plaintiff was in constant pain from her injuries and resorted to seeing her personal physician, Pamela Donetz, MD.

132.    In an effort to help Plaintiff find some relief, Dr. Donetz placed Plaintiff on FMLA leave for 2 weeks from June 29, 2018 to July 11, 2018.

133.    Several days prior to Plaintiff's return to work on July 11, 2018 from her Family

Medical Leave Act (FMLA) leave, several of Plaintiff's co-workers informed her that while she was

out on FMLA leave, five employees were required to do her job, including Defendant Edwards.

134.    Defendant Posteraro's comments were made with the full knowledge that Plaintiff

was on a lifting restriction and that was the reason that she was not able to do everything required for

the RTM Clerk position on her own.

135.    As a result of Defendant Posteraro's comments and actions and Plaintiff's lifting

restrictions, Plaintiff made repeated requests to both Mr. Pezzuti and Defendant Copeland to move

her to a new department as an additional reasonable accommodation until she was healed.

136.    However, each request was rejected.

137.    Defendant Copeland told her that he discussed the move with Defendant Edwards, but

both felt that the RTM Clerk was the best position for her.

138.    On July 11, 2018, Defendant Copeland emailed Plaintiff regarding what her duties

included.

139.    On July 12, 2018, Plaintiff emailed Defendant Copeland and again expressed her

frustration that she was not receiving the necessary assistance or accommodations to perform her job.

140.    Additionally, in that same email, Plaintiff said that she was afraid of the result of not

receiving the necessary assistance.

141.    On July 23, 2018, Plaintiff returned to U.S. Health Works Medical Group and her

lifting restriction was increased to 30lbs. by Dr. Ouano.

142.    On July 24, 2018, Plaintiff emailed Human Resources Manager Steven Pezzuti and

informed him that she felt that Lowe's was affecting her mental health in a negative way.

143. Plaintiff informed him that she had begun seeing a therapist, Karen L. Kahn, MSW related to job stress and she constantly felt like she was on the verge of losing her job.

144. On July 31, 2018, Plaintiff returned to U.S. Health Works Medical Group and was told by Dr. Bellamy that she no longer had a lifting restriction.

145. Five days later, on Sunday August 5, 2018, Plaintiff was terminated by the Defendants after working half a day at Defendant Lowe's store in Hillsborough, New Jersey.

146. Because Plaintiff did not work on Sundays, she was not aware on August 5, 2018 that she had been terminated.

147. On August 6, 2018, Plaintiff was given another write-up by Defendant Copeland and Defendant Pele for 25 special order purchase system ("SOS") orders not being on her return list.

148. However, the very nature of the SOS list is that items are routinely added and removed.

149. Therefore, this write-up was yet another pretextual write-up because Plaintiff had been specifically instructed by Defendant Copeland to delete any item from the return list that could not be found.

150. Defendant Copeland told Plaintiff that if the item was later located then she should add it back to the list.

151. This was clearly a setup by Defendant Copeland to provide a means to write Plaintiff up in order to terminate her.

152. Plaintiff went to work on Monday August 6, 2018 and after working until 1:00 p.m., she was called to the back office by Defendant Edwards.

153. Defendants Edwards and Copeland proceeded to tell Plaintiff that she was terminated on August 5, 2018 for poor performance.

## FIRST COUNT

### Violation of the New Jersey Conscientious Employee Protection Act

154. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if same were fully set forth herein.

155. At all times relevant to this Complaint, Plaintiff was performing RTM Clerk services for Defendant Lowe's.

156. Plaintiff performed her services in a manner that met and often exceeded the reasonable expectations of Defendants.

157. Plaintiff repeatedly complained to the managers of Defendant Lowe's, including but not limited to Defendants Edwards, Copeland and Posteraro as well as numerous other supervisors and administrators, about Defendants' conduct, actions and practices that Plaintiff, reasonably believed were illegal and also in violation of OSHA rules, including improper storage of hazardous materials and improper safety egress ways, endangering the health and safety of the employees and the public.

158. Defendants blatantly flaunted the OSHA regulations and other New Jersey laws designed to provide a safe working environment and intentionally ignored Plaintiff's complaints regarding same.

159. Plaintiff's subsequent termination by Defendants was in direct retaliation for Plaintiff's objection to conduct she reasonably believed to be illegal, dangerous and unsafe relating to clear violations of OSHA regulations and other New Jersey laws that protect the safety of workers.

160. As a direct and causal result of Plaintiff's objections and complaints she reasonably believed to be illegal, dangerous and unsafe relating to clear violations of OSHA regulations, she

18

was retaliated against by Defendants through the retaliatory termination of her employment relationship with Defendants.

161.    The adverse employment action of termination taken against Plaintiff by Defendants was directly and causally related to her objections to her supervisors at Defendant Lowe's including but not limited to Defendants Edwards, Copeland and Posteraro and her refusal to participate in activities, policies, practices, conduct and procedures that Plaintiff reasonably believed were, in violation of OSHA regulations and other New Jersey laws protecting its employees, in direct violation of the New Jersey Conscientious Employee Protection Act, *N.J.S.A.* 34:19-1, et. seq. (the "CEPA").

162.    At all times relevant to this Complaint, Defendants Edwards, Copeland, Posteraro and/or John Does acted under the color of his/her/their position and in their capacity as Plaintiff's direct and upper level supervisor, within the apparent scope of said authority. Accordingly, Defendant Lowe's and/or XYZ Corporations are responsible for their actions in violation of the CEPA and the Defendant employers are responsible for the actions of these named Defendants and all their employees and the damages sustained by Plaintiff as a result thereof.

163.    Defendants Edwards, Copeland, Posteraro and John Does and all other named or unnamed employees of Defendant Lowe's and/or XYZ Corporations acted under the color of their position and within the apparent scope of their authority and individually aided, abetted, incited, compelled and/or coerced the performance of the above unlawful retaliatory practices prohibited by the CEPA. Accordingly, Defendants Edwards, Copeland, Posteraro and John Does and all other named or unnamed employees of the Defendant employers are also individually liable for their actions in express violation of the CEPA.

19

164.    The outrageous conduct, retaliatory treatment and wrongful termination committed by Defendants and/or XYZ Corporations and other unnamed employees of Defendants in violation of the CEPA were willful, intentional, wanton, outrageous, reckless, malicious and made with the intent to injure Plaintiff and therefore, Plaintiff is entitled to punitive damages. Their actual participation and/or willful indifference regarding the retaliatory treatment of Plaintiff in violation of the CEPA also makes the Defendant employers liable for punitive damages.

165.    At all times relevant to this Complaint, Defendants Edwards, Copeland, Posteraro and/or John Does and/or XYZ Corporations and other members of Defendant's management team acted under the color of their positions, in their capacity as management of the Defendant employers, and as Plaintiff's superiors and within the apparent scope of said authority. Their actual participation and/or willful indifference regarding the retaliatory treatment of Plaintiff in violation of the CEPA also make the Defendant employers liable for punitive damages.

166.    As a direct and proximate result of the above conduct, Plaintiff suffered and continues to suffer a substantial loss of income and other pecuniary harm, diminishment of career opportunity and business reputation, loss of esteem, disruption to her personal life, physical and emotional trauma and other irreparable harm, pain and suffering.

**WHEREFORE**, Plaintiff, Cassandra Stanley, demands judgment against Defendants, Lowe's Companies, Inc., Pele Edwards, Steven Copeland, Natalie Posteraro, John Does 1-10 and XYZ Corporations 1-10, jointly and severally for money damages, including, but not limited to, lost past and future wages, bonuses, employee benefits and other perquisites, reinstatement into her position, as well as commensurate promotions and salary increases she would have received, damages for pain and suffering, emotional distress, humiliation and all other compensatory damages, attorneys' fees, costs of suit, punitive damages, interest at the maximum legal rate on all

sums awarded with prejudgment and post judgment interest and such other and further relief as the Court may deem appropriate and equitable in the premises.

## SECOND COUNT

### Aiding and Abetting in Violation of the CEPA

167.    Plaintiff repeats and re-alleges each and every allegation set forth above as if same were fully set forth herein.

168.    As extensively detailed herein, Defendants engaged in retaliation in violation of the CEPA resulting in Plaintiff's wrongful termination that resulted in severe financial, emotional, mental and physical injury to Plaintiff.

169.    Defendants Edwards, Copeland, Posteraro and John Does were fully aware of the illegal conduct and practices prohibited by the CEPA that had been committed.

170.    Defendants Edwards, Copeland, Posteraro and John Does actively and knowingly aided and assisted in the commission of the retaliation against Plaintiff in violation of the CEPA.

171.    Defendants Edwards, Copeland, Posteraro and John Does were fully aware of their role as part of the illegal conduct committed against Plaintiff by the Defendants in violation of the CEPA, when he/she/they provided the assistance.

172.    Defendants Edwards, Copeland, Posteraro and John Does' actions were done with knowledge and substantially assisted each other and Defendant employers in violating the CEPA and taking reprisals against Plaintiff for opposing practices outlawed by the CEPA.

173.    Defendants Edwards, Copeland, Posteraro and John Does' conduct in aiding, abetting, inciting, compelling or coercing the doing of acts prohibited by the CEPA or their attempt to do so against Plaintiff is in direct violation of the CEPA.

174.    At all times relevant to this Complaint, Defendants Edwards, Copeland, Posteraro and/or John Does acted under the color of his/her/their position and in their capacity as Plaintiff's supervisors within the apparent scope of said authority.

175.    The outrageous and egregious actions, conduct, harassment, and discriminatory treatment committed by the Defendants were willful, intentional, wanton, outrageous, reckless, malicious and were made with the intent to injure Plaintiff.

176.    As a direct and causal result of this conduct, Plaintiff has suffered and continues to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering.

**WHEREFORE**, Plaintiff, Cassandra Stanley, demands judgment against Defendants, Lowe's Companies, Inc., Pele Edwards, Steven Copeland, Natalie Posteraro, John Does 1-10 and XYZ Corporations 1-10, jointly and severally for money damages, including, but not limited to, lost past and future wages, bonuses, employee benefits and other perquisites, reinstatement into her position, as well as commensurate promotions and salary increases she would have received, damages for pain and suffering, emotional distress, humiliation and all other compensatory damages, attorneys' fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with prejudgment and post judgment interest and such other and further relief as the Court may deem appropriate and equitable in the premises.

## THIRD COUNT

### Retaliation in Violation of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1, et. seq.

177.    Plaintiff repeats and re-alleges each and every allegation set forth above as if same were fully set forth herein.

22

178.    Plaintiff sustained an injured groin, knee, arm and shoulder while working at Defendant Lowe's.

179.    After sustaining these on the job injuries, Plaintiff properly placed Defendant Lowe's on notice of this work-related injury and her interest in claiming workers' compensation benefits in accordance with *N.J.S.A.* 34:15-1, et. seq. by notifying her superiors of the circumstances of the on the job accident and her injury.

180.    Plaintiff's supervisor sent her to Lowe's workers compensation doctors where she was examined by the staff physicians who initially diagnosed Plaintiff with a strain to her right inguinal muscle and contusions on her left knee and thoracic myofascial strain, respectively.

181.    As a result of these injuries that were subject to treatment and benefits under the New Jersey Workers' Compensation Law, Defendant Lowe's workers' compensation physicians placed Plaintiff on light duty.

182.    However, rather than providing Plaintiff with the appropriate documentation and proper continued treatment for the injuries she sustained on the job in accordance with the New Jersey Workers' Compensation Law, Defendants' retaliated against Plaintiff by pretextually writing her up for not completing tasks that were beyond her ability due to the medical restrictions she was under and ultimately terminating Plaintiff after she elected to receive  workers compensation insurance benefits in express violation of the New Jersey Workers' Compensation Law.

183.    Defendants expressly violated the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1 *et seq.*, by terminating Plaintiff for sustaining a work-related injury and attempting to claim workers compensation benefits.

23

184.    At all times relevant to this Complaint, Defendants Lowe's, Edwards, Copeland, Posteraro and John Does 1-10, acted under the color of his/her/their positions in the capacity as Plaintiff's direct and indirect supervisors performing work within the scope of employment, at the request of, and under the direction and control of Defendant Lowe's and/or XYZ Corporations, and within the apparent scope of that authority and individually, aided, abetted, incited, compelled and/or coerced the performance of the above-referenced unlawful discriminatory and retaliatory practices prohibited by the New Jersey Workers' Compensation Act.

185.    The outrageous and egregious actions and retaliatory treatment committed by the Defendants were willful, intentional, wanton, outrageous, reckless, malicious and were made with the intent to injure Plaintiff. The actual participation and/or willful indifference of these individual Defendants and/or other upper level executives of Defendant Lowe's regarding the retaliatory conduct in violation of the New Jersey Workers' Compensation Act set forth herein also makes Defendant Lowe's liable for punitive damages.

186.    As a direct, causal and proximate result of this conduct, Plaintiff has suffered and continues to suffer severe emotional pain and distress, suffering, mental trauma, depression, humiliation and anxiety, substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, disruption of her personal life and other irreparable harm, pain and suffering due to the working conditions knowingly permitted by Defendant Lowe's.

**WHEREFORE** Plaintiff Cassandra Stanley demands judgment against Defendants Lowe's Companies, Inc., Pele Edwards, Steven Copeland, Natalie Posteraro and John Does 1-10, and XYZ Corporations 1-10, jointly and severally, for money damages, including but not

24

limited to lost past and future wages, bonuses, employee benefits and other perquisites, damages for emotional distress, pain and suffering, humiliation, medical expenses for treatment and medication, and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with pre-judgment and post-judgment interest, statutory damages and other relief that the court may deem appropriate in the premises.

## FOURTH COUNT

### Discrimination and Termination in Violation of the NJLAD

187.    Plaintiff repeats and re-alleges each and every allegation set forth above as if same were fully set forth herein.

188.    As set forth herein, Plaintiff was subjected to continuous and ongoing discrimination due to her actual or perceived disabilities in the form of termination, discriminatory comments, statements and treatment by Defendants about her disability.

189.    Plaintiff suffered an on the job injury to her right inguinal muscle, contusions on her left knee and a thoracic myofascial strain.

190.    After Plaintiff was injured on the job and was on a lifting restriction, Defendant Posteraro mocked Plaintiff's condition saying that just one person should be able to do Plaintiff's job.

191.    Plaintiff complained to her supervisors about the mistreatment she endured due to her real or perceived disability, but no remedial action was taken, and the discriminatory treatment continued, culminating in her wrongful termination.

25

192. Plaintiff's discriminatory treatment and termination was causally related and due to Plaintiff's real or perceived disabilities and is in express violation of the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1, *et. seq.* ("NJLAD").

193. At all times relevant to this complaint, Defendants Edwards, Copeland, Posteraro and/or John Does acted under the color of his/her/their position and in their capacity as Plaintiff's direct and upper level supervisors within the apparent scope of said authority. Accordingly, Defendant Lowe's and/or XYZ Corporations are responsible for their actions in violation of the NJLAD and the Defendant employer is responsible for the actions of all their employees and the damages sustained by Plaintiff as a result thereof.

194. At all times relevant to this Complaint, individual Defendants Edwards, Copeland, Posteraro and John Does 1-10 acted under the color of his/her/their positions in their capacity as Plaintiff's direct and upper level supervisors performing work within the scope of employment, at the request of, and under the direction and control of, Defendant Lowe's and/or XYZ Corporations, and within the apparent scope of that authority and individually aided, abetted, incited, compelled and/or coerced the performance of the above-referenced unlawful discriminatory and retaliatory practices prohibited by the NJLAD by creating a hostile work environment in which she was made to feel different and unwelcome by her co-workers.

195. Accordingly, Defendants Edwards, Copeland, Posteraro and John Does and all other named or unnamed employees of the Defendant employers are also individually liable for their actions in express violation of the NJLAD.

196. The outrageous and egregious actions, conduct, harassment, and discriminatory treatment committed by the Defendants were willful, intentional, wanton, outrageous, reckless,

26

malicious and were made with the intent to injure Plaintiff. The actual participation and/or willful indifference of these individual Defendants and/or other upper level executives of Defendant regarding the discriminatory treatment and termination of Plaintiff due to her real or perceived disabilities in violation of the NJLAD set forth herein also make Defendant Lowe's and/or XYZ Corporations liable for punitive damages.

197.    As a direct and causal result of this conduct, Plaintiff has suffered and will continue to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering.

**WHEREFORE,** Plaintiff Cassandra Stanley demands judgment against Defendants Lowe's Companies, Inc., Pele Edwards, Steven Copeland, Natalie Posteraro, John Does 1-10, and/or XYZ Corporations 1-10 jointly and severally for money damages, including but not limited to lost past and future wages, bonuses, employee benefits and other perquisites, reinstatement into her position as well as commensurate promotions and salary increases she would have received, damages for emotional distress, pain and suffering, humiliation, medical expenses for treatment and medication and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with pre-judgment and post-judgment interest, statutory damages and other relief that the court may deem appropriate.

## FIFTH COUNT
### Retaliation in Violation of the NJLAD

198.    Plaintiff repeats and re-alleges each and every allegation in the forgoing paragraphs.

199. The NJLAD specifically provides that it is an unlawful employment practice to take reprisals against any person that has opposed practices, conduct or acts outlawed by the NJLAD.

200. Plaintiff repeatedly objected to her immediate and upper level supervisors, Defendants Edwards, Copeland and Posteraro regarding Defendants' continuous and ongoing discriminatory misconduct and mistreatment of Plaintiff due to her real or perceived disabilities.

201. Plaintiff's good faith objections to her immediate supervisors resulted in the direct and causally related retaliation set forth herein culminating in her termination that caused emotional pain, suffering, mental trauma, humiliation and anxiety.

202. Defendants expressly violated the NJLAD, by retaliating against Plaintiff for objecting to discriminatory practices and acts prohibited by the NJLAD as set forth herein which ultimately led to her wrongful termination.

203. Defendants' retaliatory actions and reprisals against Plaintiff, including but not limited to making derogatory comments, creating a hostile work environment and termination, are a direct and causal result of Plaintiff's opposition to practices or acts outlawed by the NJLAD and are in clear violation of the NJLAD.

204. Defendants Edwards, Copeland, Posteraro and/or John Does, were fully aware of the illegal conduct and practices prohibited by the NJLAD that had been committed.

205. Defendants Edwards, Copeland, Posteraro and/or John Does, actively and knowingly aided and assisted in the commission of the retaliation against Plaintiff in violation of the NJLAD.

28

206.    Defendants Edwards, Copeland, Posteraro and/or John Does, were fully aware of their role as part of the illegal conduct committed against Plaintiff by the Defendants in violation of the NJLAD when he/she/they provided the assistance.

207.    Defendants Edwards, Copeland, Posteraro and/or John Does' actions were done with knowledge and substantially assisted the Defendant employers in violating the NJLAD and taking reprisals against Plaintiff for opposing practices outlawed by the NJLAD.

208.    Defendants Edwards, Copeland, Posteraro and/or John Does, conduct in aiding, abetting, inciting, compelling or coercing acts prohibited by the NJLAD or their attempt to do so against Plaintiff is in direct violation of the NJLAD and case law interpreting same.

209.    At all times relevant to this complaint, Defendants Edwards, Copeland, Posteraro and/or John Does acted under the color of their position and in their capacity as Plaintiff's supervisors within the apparent scope of said authority. Accordingly, Defendant Lowe's and/or XYZ Corporations are responsible for their actions in violation of the NJLAD and the Defendant employer is responsible for the actions of these named Defendants and all their employees and the damages sustained by Plaintiff as a result thereof.

210.    At all times relevant to this Complaint, Defendants Edwards, Copeland, Posteraro and John Does acted under the color of his/her/their positions in their capacity as Plaintiff's direct and indirect supervisors performing work within the scope of employment, at the request of, and under the direction and control of the Defendant Lowe's and/or XYZ Corporations, and within the apparent scope of that authority and individually aided, abetted, incited, compelled and/or coerced the performance of the above referenced unlawful discriminatory and retaliatory practices prohibited by the NJLAD. Accordingly, Defendants Edwards, Copeland, Posteraro and John Does are individually liable for their actions in express violation of the NJLAD.

211.    The conduct of Defendants Edwards, Copeland, Posteraro and/or John Does, and/or other employees, agents and/or representatives of the Defendant employers were willful, intentional, wanton, evil-minded, outrageous, reckless and malicious and were with the intent to injure Plaintiff. The actual participation and/or willful indifference of these Defendants and/or other upper level executives of Defendant Lowe's and/or XYZ Corporations regarding the retaliation in violation of the NJLAD set forth herein also make Defendant Lowe's and/or XYZ Corporations liable for punitive damages.

212.    As a direct and proximate result of the above conduct, Plaintiff suffered and continues to suffer severe emotional distress, disruption to her personal life, other irreparable pain and suffering, a substantial loss of income and other pecuniary harm, emotional trauma and other irreparable harm, pain and suffering.

**WHEREFORE,** Plaintiff Cassandra Stanley demands judgment against Defendants, Lowe's Companies, Inc., Pele Edwards, Steven Copeland, Natalie Posteraro, John Does 1-10 and XYZ Corporations 1-10, jointly and severally for money damages, including, but not limited to, lost past and future wages, bonuses, employee benefits and other perquisites, reinstatement into her position as well as commensurate promotions and salary increases she would have received, damages for pain and suffering, emotional distress, humiliation and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with prejudgment and post judgment interest and such other and further relief as the Court may deem appropriate and equitable in the premises.

SOM-L-000923-19   07/12/2019 4:59:58 PM   Pg 31 of 39 Trans ID: LCV20191215696

## SIXTH COUNT

### (Failure to Accommodate in Violation of the NJLAD)

213.   Plaintiff repeats and re-alleges each and every allegation set forth above as if same were fully set forth herein.

214.   As set forth herein, Defendants Lowe's, Edwards, Copeland, Posteraro, John Does and/or XYZ Corporations failed to accommodate Plaintiff by mandating her to lift items in excess of her lifting restrictions, not providing Plaintiff with a consistent additional employee to assist her with lifting in violation of the NJLAD.

215.   Defendants were aware of Plaintiff's request for an accommodation due to her disability and repeated requests to have another employee assigned to her area to assist with the backlog due to her disability and failed to take the necessary steps in providing that accommodation to Plaintiff in express violation of the NJLAD.

216.   An employer must engage the employee in a conversation regarding his actual or perceived disability to determine whether it can make reasonable accommodation to the limitations of the employee unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business.

217.   However, the Defendants failed to engage in this conversation or provide any reasonable accommodation despite Plaintiff's repeated requests.

218.   Defendants' outrageous and egregious actions, conduct, harassment and discriminatory treatment were willful, intentional, wanton, outrageous, reckless, malicious and made with the intent to injure Plaintiff. The actual participation and/or willful indifference of the individual Defendants and/or other upper level executives of Defendants Lowe's and/or XYZ

31

Corporations regarding the failure to accommodate in violation of the NJLAD set forth herein also makes Defendant Lowe's and/or XYZ Corporations liable for punitive damages.

219.     As a direct and causal result of this conduct, Plaintiff has suffered and continues to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering.

**WHEREFORE**, Plaintiff Cassandra Stanley demands judgment against Defendants, Lowe's Companies, Inc., Pele Edwards, Steven Copeland, Natalie Posteraro, John Does 1-10 and XYZ Corporations 1-10, jointly and severally, for money damages, including but not limited to lost past and future wages, bonuses, employee benefits and other perquisites, damages for emotional distress, pain and suffering, humiliation, medical expenses for treatment and medication, and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with pre-judgment and post-judgment interest, statutory damages and other relief that the court may deem appropriate and equitable in the premises.

## SEVENTH COUNT
### Hostile Work Environment in Violation of the NJLAD

220.     Plaintiff repeats, re-alleges, and re-affirms the foregoing paragraphs of this Complaint as though fully set forth at length herein.

221.     Additionally, Plaintiff was subjected to a hostile work environment due to discrimination based on her real or perceived disabilities in express violation of the New Jersey NJLAD.

222.     This conduct occurred because of Plaintiff's real or perceived disabilities and was such that a reasonable person would have considered sufficiently severe and/or pervasive to alter

the conditions of her employment and created an intimidating, hostile, or offensive working environment culminating in her wrongful termination.

223.   Defendants Lowe's, Edwards, Copeland, Posteraro and/or XYZ Corporation had complete control, knew, or should have known of the discrimination and failed to take remedial action.

224.   Despite Plaintiff's repeated objections to her supervisors regarding this hostile work environment, Defendants failed to timely and properly investigate and failed to provide an adequate or timely remedy.

225.   As a direct and proximate result of this behavior, Plaintiff suffered severe emotional pain, suffering, mental trauma, humiliation and anxiety and was ultimately wrongfully terminated due to the hostile working conditions knowingly permitted by Defendant Lowe's that would be intolerable to a reasonable person.

226.   Accordingly, by and through the actions described herein, Defendants discriminated against Plaintiff and created and maintained a harassing and hostile work environment because of her real or perceived disabilities in violation of the NJLAD.

227.   The conduct of Defendants occurred because of Plaintiff's real or perceived disabilities and constituted unlawful discriminatory practices in violation of the NJLAD.

228.   At all times relevant to this complaint, Defendants Edwards, Copeland, Posteraro and/or John Does acted under the color of his/her/their position and in their capacity as Plaintiff's supervisors within the apparent scope of said authority. Accordingly, Defendant Lowe's and/or XYZ Corporations are responsible for their actions in violation of the NJLAD and the Defendant employer is responsible for the actions of these named Defendants and all their employees and the damages sustained by Plaintiff as a result thereof.

229.    At all times relevant to this Complaint, Defendants Edwards, Copeland, Posteraro and John Does acted under the color of his/her/their positions in their capacity as Plaintiff's direct and indirect supervisor performing work within the scope of employment, at the request of, and under the direction and control of Defendant Lowe's and/or XYZ Corporation, and within the apparent scope of that authority and individually aided, abetted, incited, compelled and/or coerced the performance of the above referenced unlawful discriminatory and retaliatory practices prohibited by the NJLAD. Accordingly, Defendants Edwards, Copeland, Posteraro and John Does and all other named or unnamed employees of the Defendant employer are also individually liable for their actions in express violation of the NJLAD.

230.    The outrageous and egregious actions, conduct, harassment, and discriminatory treatment committed by Defendants were willful, intentional, wanton, outrageous, reckless, and malicious and were made with the intent to injure Plaintiff. The actual participation and/or willful indifference of these Defendants and/or other upper level executives of Defendant Lowe's and/or XYZ Corporation regarding the hostile work environment in violation of the NJLAD set forth herein also make the Defendant Lowe's and/or XYZ Corporations liable for punitive damages.

231.    As a direct and causal result of this conduct, Plaintiff has suffered and continues to suffer substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering.

**WHEREFORE**, Plaintiff Cassandra Stanley demands judgment against Defendants, Lowe's Companies, Inc., Pele Edwards, Steven Copeland, Natalie Posteraro, John Does 1-10 and XYZ Corporations 1-10, jointly and severally for money damages, including, but not limited to, lost past and future wages, bonuses, employee benefits and other perquisites, reinstatement into

her position as well as commensurate promotions and salary increases she would have received, damages for pain and suffering, emotional distress, humiliation and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with prejudgment and post judgment interest and such other and further relief as the Court may deem appropriate and equitable in the premises.

## EIGHTH COUNT

### Violation of New Jersey Public Policy

232.    Plaintiff re-alleges each and every allegation set forth above as if same were fully set forth herein.

233.    The adverse employment action taken against Plaintiff through her retaliatory termination by Defendant Lowe's and/or XYZ Corporations was directly and casually related to her refusal to endanger the safety and welfare of workers and employees at the facility in which Plaintiff worked and her complaints regarding the discriminatory comments and actions of her supervisors, as set forth herein.

234.    Defendants Lowe's and/or XYZ Corporation's conduct, activity, policies and or practice was to ignore safety protocols, including OSHA hazmat and egress rules endangering its workers and terminating anyone who complained about the safety conditions in the facility in violation of a clear New Jersey Public Policy concerning the health, safety and welfare of workers.

235.    Defendants Lowe's and/or XYZ Corporation's conduct, activity, policies and or practice was to allow and/or ignore real or perceived disability discrimination and punish and/or terminate anyone who complained about said discrimination in violation of a clear mandate of New Jersey Public Policy concerning eradicating discrimination in the workplace.

236.    Plaintiff's termination was due to and causally related to, her repeated objections to her supervisors, about the activities, policies, practices, conduct and procedures of Defendants Lowe's and/or XYZ Corporations that were contrary to the clear mandate of public policy exception to at-will employment enunciated in <u>Pierce v. Ortho Pharm. Corp.</u>, 84 N.J. 58, 72 (1980).

237.    At all times relevant to this complaint, Defendants Edwards, Copeland, Posteraro and/or John Does acted under the color of his/her/their position and in their capacity as Plaintiff's supervisors, administrators and directors within the apparent scope of said authority. Accordingly, Defendants Edwards, Copeland, Posteraro and/or John Does are responsible for their actions in violation of the clear mandate of New Jersey Public Policy and the Defendant employers are responsible for the actions of these named Defendants and all their employees and the damages sustained by Plaintiff as a result thereof.

238.    Defendants Edwards, Copeland, Posteraro and John Does and all other named or unnamed employees of Defendant Lowe's and/or XYZ Corporations, acted under the color of their position and within the apparent scope of their authority and individually aided, abetted, incited, compelled and/or coerced the performance of the above unlawful retaliatory practices prohibited by New Jersey Public Policy. Accordingly, Defendants Edwards, Copeland, Posteraro and John Does and all other named or unnamed employees of the Defendant employers are also individually liable for their actions in express violation of New Jersey Public Policy.

239.    The outrageous conduct, retaliatory treatment and wrongful termination committed by Defendants Edwards, Copeland, Posteraro, John Does and/or XYZ Corporations and other unnamed employees of Defendant Lowe's and/or XYZ Corporations in violation of the New Jersey Public Policy were willful, intentional, wanton, outrageous, reckless, malicious and made with the intent to injure Plaintiff and therefore, Plaintiff is entitled to punitive damages.

240.    At all times relevant to this Complaint, Defendants Edwards, Copeland, Posteraro, John Does and/or XYZ Corporations and other members of Defendant's upper management, acted under the color of their positions, in their capacity as upper management of Defendant Lowe's and/or XYZ Corporations and as Plaintiff's superiors, and within the apparent scope of said authority. Their actual participation and/or willful indifference regarding the retaliatory treatment of Plaintiff, in violation of New Jersey Public Policy also make the Defendant employers liable for punitive damages.

241.    As a direct and proximate result of the above conduct, Plaintiff suffered and continues to suffer a substantial loss of income and other pecuniary harm, diminishment of career opportunity and business reputation, loss of esteem, disruption to her personal life, physical and emotional trauma and other irreparable harm, pain and suffering.

**WHEREFORE**, Plaintiff, Cassandra Stanley, demands judgment against Defendants Lowe's Companies, Inc., Pele Edwards, Steven Copeland, Natalie Posteraro, John Does 1-10 and XYZ Corporations 1-10, jointly and severally for money damages, including, but not limited to, lost past and future wages, bonuses, employee benefits and other perquisites, reinstatement into her position, as well as commensurate promotions and salary increases she would have received, damages for pain and suffering, emotional distress, humiliation and all other compensatory damages, attorney's fees, costs of suit, punitive damages, interest at the maximum legal rate on all sums awarded with prejudgment and post judgment interest and such other and further relief as the Court may deem appropriate and equitable in the premises.

DEVERO TAUS LLC
Attorneys for Plaintiff, Cassandra Stanley

By: _____
GREGORY A. DEVERO, ESQ.

Dated:  July 12, 2019

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact and as to damages and as to punitive damages.

DEVERO TAUS LLC
Attorneys for Plaintiff, Cassandra Stanley

By: _____
GREGORY A. DEVERO, ESQ.

Dated:  July 12, 2019

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and further that no action or arbitration proceeding is contemplated.

DEVERO TAUS LLC
Attorneys for Plaintiff, Cassandra Stanley

By: _____
GREGORY A. DEVERO, ESQ.

Dated:  July 12, 2019

38

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Gregory A. Devero, Esq. as trial counsel.

DEVERO TAUS LLC
Attorneys for Plaintiff, Cassandra Stanley

By: _____
GREGORY A. DEVERO, ESQ.

Dated:  July 12, 2019

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

DEVERO TAUS LLC
Attorneys for Plaintiff, Cassandra Stanley

By: _____
GREGORY A. DEVERO, ESQ.

Dated:  July 12, 2019

39

Exhibit B

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Post Office Box 1997
Morristown, New Jersey 07962-1997
(973) 538-4006
Vito A. Gagliardi, Jr., Esq.
vagagliardi@pbnlaw.com
Kerri A. Wright, Esq.
kawright@pbnlaw.com
Attorneys for Defendants Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."),  Pele Edwards, Steven Copeland, and Natalie Posteraro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA STANLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>LOWE'S COMPANIES, INC., a North Carolina Corporation,  PELE EDWARDS, an individual, STEVEN COPELAND, an individual, NATALIE POSTERARO, and individuals, JOHN DOES 1-10 (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious),<br><br>    Defendants. | **DOCUMENT ELECTRONICALLY FILED**<br><br>Removed From:<br>Superior Court of New Jersey<br>Somerset County – Law Division<br><br>**NOTICE OF FILING FOR REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |

**To:**    Clerk, Law Division
      Superior Court of New Jersey
      Somerset County Courthouse
      20 N Bridge Street
      Somerville, NJ 08876

      Gregory Devero, Esq.
      Devero Taus, LLC
      266 King George Road, Suite 1
      Warren, NJ 07059
      *Attorney for Plaintiff*

1

SIR/MADAM:

**PLEASE TAKE NOTICE** that on July 16, 2019, Defendants Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."), Pele Edwards, Steven Copeland, and Natalie Posteraro by and through their counsel, Porzio, Bromberg & Newman, P.C., and pursuant to 28 U.S.C. §§1332, 1441 and 1446, filed a Notice of Removal in the United States District Court for the District of New Jersey to remove the above-captioned action from the Superior Court of New Jersey, Law Division, Somerset County, to the United States District Court for the District of New Jersey.

**PLEASE TAKE FURTHER NOTICE** that this Notice is provided pursuant to 28 U.S.C. §1446(d). Accompanying this Notice is a copy of the Notice of Removal so filed.

**PORZIO, BROMBERG & NEWMAN, P.C.**
Attorneys for Defendants
Lowe's Home Centers, LLC (improperly pled as
"Lowe's Companies, Inc."), Pele Edwards, Steven
Copeland, and Natalie Posteraro


BY: _____
                Kerri A. Wright
                An Attorney of the Firm

Dated: July 16, 2019

2

4247276

Exhibit A

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Post Office Box 1997
Morristown, New Jersey 07962-1997
(973) 538-4006
Vito A. Gagliardi, Jr., Esq.
vagagliardi@pbnlaw.com
Kerri A. Wright, Esq.
kawright@pbnlaw.com
Attorneys for Defendants Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."), Pele Edwards, Steven Copeland, and Natalie Posteraro

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA STANLEY,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC., a North Carolina Corporation, PELE EDWARDS, an individual, STEVEN COPELAND, an individual, NATALIE POSTERARO, and individuals, JOHN DOES 1-10 (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious),<br><br>Defendants. | **DOCUMENT ELECTRONICALLY FILED**<br><br>Removed From:<br>Superior Court of New Jersey<br>Somerset County – Law Division<br><br>**NOTICE OF REMOVAL** |

**TO:**    William T. Walsh, Clerk
United States District Court
Clarkson S. Fisher Building & US Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Clerk, Law Division
Superior Court of New Jersey
Somerset County Courthouse
20 N Bridge Street
Somerville, NJ 08876

Gregory Devero, Esq.

4247281

Devero Taus, LLC
266 King George Road, Suite 1
Warren, NJ 07059
*Attorney for Plaintiff*

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."), Pele Edwards, Steven Copeland, and Natalie Posteraro, by and through their attorneys, Porzio, Bromberg & Newman, P.C., hereby remove this action, Docket No. L-923-19, from the Superior Court of New Jersey, Law Division, Somerset County, to the United States District Court for the District of New Jersey. Removal is proper based upon diversity jurisdiction, as follows:

### A.    <u>Nature of the Civil Action</u>

1.    Lowe's, Edwards, Copeland, and Posteraro are named as defendants in a civil action entitled *Cassandra Stanley v. Lowe's Companies, Inc., et al.* filed in the Superior Court of New Jersey, Law Division, Somerset County, bearing Docket No. L-923-19. Plaintiff Cassandra Stanley ("Plaintiff") commenced this action by filing a complaint with the Clerk of the Superior Court of New Jersey, Law Division, Somerset County, on July 12, 2019. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**

2.    This is an employment case in which Plaintiff seeks damages allegedly arising out of her employment with Lowe's at its store located in the Township of Hillsborough, State of New Jersey.

3.    In the complaint, Plaintiff claims that Defendants violated the New Jersey Conscientious Employee Protection Act, *N.J.S.A.* 34:19-2, *et seq.*, the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1, *et seq.*, and the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-2, *et seq.* based on an allegation that they discriminated against Plaintiff and retaliated against Plaintiff in disciplining her and terminating her employment.

**B.    Timing and Perfecting of Removal**

4.    As of the date of this notice, Lowe's has not been served with the Complaint.

5.    As of the date of this notice, none of the individual defendants have been served with the Complaint.

6.    Based upon the foregoing, this matter became removable pursuant to 28 U.S.C. §1446(b) on July 16, 2019, when Defendant Lowe's received a copy of the complaint. Accordingly, this Notice of Removal is in compliance with 28 U.S.C. §1446(b), as it is being filed within thirty (30) days of Defendant Lowe's receipt of a copy of the complaint.

6.    As required by 28 U.S.C. §1446(a), the pleading received by Lowe's in this action to date is attached hereto as **Exhibit "A."**

7.    Upon filing of this Notice of Removal, this office shall promptly provide written notice thereof to the Clerk of the Superior Court of New Jersey, Law Division, Somerset County, and counsel for plaintiff, Gregory Devero, Esq.  A copy of the Notice of Filing of a Notice of Removal to be filed with the Superior Court of New Jersey, Law Division, Somerset County is attached hereto as **Exhibit "B."**

**C.    Diversity Jurisdiction**

8.    According to the complaint, Plaintiff is a resident and citizen of the State of New Jersey.

9.    Lowe's Home Centers, LLC is a limited liability company organized under the laws of the State of North Carolina.  Its principal place of business is in Wilkesboro, North Carolina.  The sole member of Lowe's Home Centers, LLC is Lowe's Companies, Inc., a North Carolina corporation.  Neither Lowe's Home Centers, LLC nor Lowe's Companies, Inc. are incorporated in New Jersey, nor does either entity have a principal place of business in New Jersey.

4247281                                     3

10.     According to the complaint, Defendant Pele Edwards is a resident of the State of New Jersey. Defendant Pele Edwards has not been served with the complaint.

11.     According to the complaint, Defendant Steven Copeland is a resident of the State of New Jersey.  Defendant Steven Copeland has not been served with the complaint.

12.     According to the complaint, Defendant Natalie Posteraro is a resident of the State of New Jersey. Defendant Natalie Posteraro has not been served with the complaint.

13.     Plaintiff does not specifically state an amount of damages in her pleadings, however, in her complaint, she seeks to recover lost past and future wages, bonuses, employee benefits and other perquisites, reinstatement as well as commensurate promotions and salary increases she allegedly would have received, damages for alleged emotional distress, pain and suffering, humiliation, medical expenses, attorney's fees, and costs of suit.  In her complaint, she alleges a "substantial loss of income and other pecuniary harm, diminishment of career opportunity and business reputation, loss of esteem, disruption to her personal life, physical and emotion trauma and other irreparable harm, pain and suffering."  She also seeks punitive damages.  It thus is apparent from the face of the complaint that the amount in controversy exceeds $75,000.00.

14.     Based on the facts set forth above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 (diversity of citizenship).

15.     By virtue of the provision at 28 U.S.C. §1441(a), and in accordance with 28 U.S.C. §1446(b), because none of the individual defendants who allegedly reside in New Jersey have yet been served with the complaint, this entire matter is one that may be removed to this Court.

16.     Pursuant to 28 U.S.C. §1441(a), Defendants are removing the state action to the District of New Jersey because this Court "embrac[es] the place where such action is pending."

Venue is proper in the Trenton Division of the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§1391 and 1441.

17.     By filing this Notice of Removal of this civil action, Defendants do not waive any of their defenses, including, but not limited to, their right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."), Pele Edwards, Steven Copeland, and Natalie Posteraro hereby remove this civil action from the Superior Court of New Jersey, Law Division, Somerset County, to the United States District Court for the District of New Jersey.

<div style="margin-left:40%">

Respectfully submitted,

**PORZIO, BROMBERG & NEWMAN, P.C.**
Attorneys for Defendants
Lowe's Home Centers, LLC (improperly pled as "Lowe's Companies, Inc."), Pele Edwards, Steven Copeland, and Natalie Posteraro
100 Southgate Parkway
Post Office Box 1997
Morristown, New Jersey  07962-1997
(973) 538-4006

By: _____
     Kerri A. Wright

</div>

Dated:  July 16, 2019