NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |
|---|
| CASSANDRA STANLEY, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S COMPANIES, INC., et al., <br><br> Defendants. |

Civil Action No. 19-15436 (MAS) (ZNQ)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

      This matter comes before the Court upon Plaintiff Cassandra Stanley's ("Plaintiff") Motion to Remand. (ECF No. 4.) Defendants Lowe's Home Centers, LLC ("Lowe's"),[1] Pele Edwards, Steven Copeland, and Natalie Posteraro (collectively, "Defendants") opposed (ECF No. 10), and Plaintiff replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion to Remand.

**I.    BACKGROUND**

      Plaintiff is a New Jersey citizen who was formerly employed by Lowe's at its Hillsborough store. (Compl. ¶¶ 1, 7, Notice of Removal Ex. A, ECF No. 1.) Plaintiff alleges that Edwards, Copeland, and Posteraro (collectively, "Individual Defendants") are citizens of New Jersey. (*Id.* ¶¶ 2–4.) Lowe's is a citizen of North Carolina because it is a limited liability company and its only

---

[1] Lowe's was improperly pleaded as "Lowe's Companies, Inc." (Notice of Removal 1, ECF No. 1.)

member is a corporation that is incorporated in North Carolina and has its principal place of business in North Carolina. (*See id.* ¶ 1; Notice of Removal ¶ 9.)

Plaintiff began working at Lowe's in or around 2004. (Compl. ¶ 7.) Plaintiff worked for Lowe's for approximately twelve years until her termination on August 5, 2018. (*Id.* ¶ 9.) Plaintiff's duties "often required [her] to move heavy items" and to work with dangerous chemicals. (*Id.* ¶¶ 13, 30–35.)

"Plaintiff repeatedly complained to the managers of . . . Lowe's, including but not limited to [Individual] Defendants . . . about . . . conduct, actions[,] and practices that Plaintiff[] reasonably believed were illegal and also in violation of [Occupational Safety and Health Administration] rules." (*Id.* ¶ 157.) On January 25, 2018, Plaintiff experienced a severe pain in her groin while moving a heavy appliance. (*Id.* ¶¶ 48–49.) Plaintiff immediately notified her supervisor, Posteraro, of her injury. (*Id.* ¶ 50.) Plaintiff was again injured on May 9, 2018 when, "while moving another large appliance, [she] tripped over a pallet on the ground and injured her knee, arm[,] and shoulder." (*Id.* ¶ 88.) For both injuries, Plaintiff was placed on lifting restrictions. (*Id.* ¶ 72.) Plaintiff requested that Posteraro and Copeland allocate additional help to assist Plaintiff with her workload considering her physical limitations. (*Id.* ¶¶ 52–65, 72, 77.) Posteraro and Copeland repeatedly refused to provide Plaintiff with additional assistance, despite being aware of her injuries. (*Id.* ¶¶ 52–53, 64, 65, 82, 100.)

In the final seven months of Plaintiff's employment at Lowe's, she spoke with Posteraro and Copeland on many occasions about her physical limitations and raised concerns about the dangerous conditions she and co-workers faced. (*Id.* ¶¶ 75–144). Plaintiff alleges that, during this time, Posteraro made discriminatory comments about her and Copeland drafted "pretextual write-up[s]" about Plaintiff to set up Plaintiff and "provide a means . . . to terminate her." (*Id.* ¶¶ 126, 151.)

Plaintiff was terminated on Sunday, August 5, 2018, and notified of her termination on Monday, August 6, 2018. (*Id.* ¶¶ 145–53.) Copeland told Plaintiff that she was terminated for poor performance. (*Id.* ¶ 153.) Plaintiff alleges that Defendants wrongfully terminated her in retaliation for her complaints about the dangerous working conditions and her work-related injuries. (*Id.* ¶ 168.)

Plaintiff initiated this action in the Superior Court of New Jersey, Law Division, Somerset County. (Notice of Removal 1.) Plaintiff brings claims arising under only New Jersey law. (Compl. ¶¶ 154–241.) Defendants timely removed the case to this Court on July 16, 2019. (*See generally* Notice of Removal.) At the time of removal, Defendants had not been served with the Complaint. (*Id.* ¶¶ 4–5.) Defendants assert that the matter "became removable pursuant to 28 U.S.C. § 1446(b) on July 16, 2019, when [Lowe's] received a copy of the [Complaint]." (*Id.* ¶ 6.[2]) Defendants acknowledged "Plaintiff is a resident and citizen of the State of New Jersey." (*Id.* ¶ 8.) Defendants averred that the sole member of Lowe's is a North Carolina corporation. (*Id.* ¶ 9.) Defendants also stated that, according to the Complaint, all Individual Defendants were residents of New Jersey. (*Id.* ¶¶ 10–12.) Defendants stated that, based on Plaintiff's alleged damages, it is "apparent from the face of the [C]omplaint that the amount in controversy exceeds $75,000.00." (*Id.* ¶ 13.) Based on these assertions, Defendants stated that "this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship)." (*Id.* ¶ 14.) Finally, Defendants asserted that the "entire matter is one that may be removed to this Court" because "none of the [I]ndvidual [D]efendants who allegedly reside in New Jersey have yet been served with the [C]omplaint" pursuant to 28 U.S.C. § 1441(a). (*Id.* ¶ 15.)

---

[2] Two paragraphs in the Notice of Removal are numbered as "6." (*See* Notice of Removal 3.) This refers to the first of those two paragraphs.

3

## II. LEGAL STANDARD

A defendant may remove a civil action filed to federal court if the federal court would have original jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The removing defendant bears the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer*, 913 F.2d at 111. Once the case has been removed, a district court may remand the matter to state court if the removal was procedurally defective or if subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). All doubts are to be resolved in favor of remand. *Id.* at 403.

Where subject matter jurisdiction is based on diversity jurisdiction, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Even where the federal court has diversity jurisdiction, under the forum-defendant rule, an "action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Where the forum defendant has not been properly joined and served in an action where there is diversity jurisdiction, the forum defendant nevertheless may remove the action through what is called "snap removal." *See Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 153 (3d Cir. 2018); *see generally* Arthur Hellman, et al., *Neutralizing the Strategem of "Snap Removal": A Proposed Amendment to the Judicial Code*, 9 Fed. Cts. L. Rev. 103, 104 (2016).

"The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006).

4

"In a suit with named defendants who are not of diverse citizenship from the plaintiff, [a] diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." *Boyer*, 913 F.2d at 111 (internal quotation marks omitted).

### III. DISCUSSION

Plaintiff asserts that removal was improper and remand is appropriate because Plaintiff and Individual Defendants are citizens of New Jersey; therefore, this Court has no diversity jurisdiction over the action and Defendants had no basis for removal. (Pl.'s Moving Br. 5–6, ECF No. 4.) Defendants' reliance on "snap removal" under § 1441(b) is misplaced, according to Plaintiff, because snap removal circumvents the forum-defendant rule only if diversity jurisdiction exists in the first place. (*Id.* at 6–10.) Plaintiff asserts that, pursuant to 28 U.S.C. § 1447(c), she is owed attorney's fees for Defendants' improper removal. (*Id.* at 10–12.)

In opposition, Defendants assert that removal was proper because a forum defendant who has not been properly joined and served may remove a state court action. (Defs.' Opp'n Br. 2–3 (citing *Encompass*, 902 F.3d at 147), ECF No. 10.) Defendants also argue that Plaintiff fraudulently joined Individual Defendants for the purpose of defeating diversity jurisdiction. (*Id.* at 4.) Defendants move to dismiss the non-diverse Individual Defendants in their opposition brief, asserting that this will provide complete diversity and a basis for removal. (*Id.* at 9–13). Finally, Defendants argue that, should the Court remand, Plaintiff is not entitled to attorney's fees because "Defendants applied for removal to federal court on the basis that [I]ndividual [D]efendants who had not been properly joined and served were named fraudulently in this case." (*Id.* at 14.)

5

## A. Motion to Remand

Remand must be granted because Defendants failed to establish a basis for original jurisdiction in this Court in their Notice of Removal and because Defendants' argument that snap removal provides a basis for removal here is misplaced.

A state-court action "otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). A forum defendant who has not yet been properly joined and served may, however, remove a state-court action, provided diversity jurisdiction exists. *Encompass*, 902 F.3d at 151–54 (affirming removal by Pennsylvania defendant of Pennsylvania state-court action filed by a citizen of Illinois because the defendant had not accepted service at the time of removal); *Dutton v. Ethicon, Inc.*, No. 18-16672, 2019 WL 5304169, at *1–3, 6–7 (D.N.J. Oct. 18, 2019) (permitting New Jersey defendant to remove New Jersey state-court actions filed by citizens of Tennessee and North Carolina where the defendant removed prior to receiving service); *Petardi v. Majestic Lanes, Inc.*, No. 18-15543, 2019 WL 3712030, at *2–3 (D.N.J. Aug. 7, 2019) (permitting New Jersey defendant to remove New Jersey state-court action filed by citizen of Florida where the defendant removed prior to receiving service); *Anderson v. Merck & Co., Inc.*, No. 18-15844, 2019 WL 161512, at *1–2 (D.N.J. Jan. 10, 2019) (permitting New Jersey defendant to remove New Jersey state-court actions because the defendant removed prior to being served). This is referred to as "snap removal."

The forum-defendant rule and snap removal are only relevant, however, where diversity jurisdiction exists. 28 U.S.C. § 1441(b) ("A civil action *otherwise removable solely on the basis of [diversity jurisdiction]* may not be removed . . . ." (emphasis added)). Accordingly, before Defendants may assert that snap removal permits removal of this action, they must first establish

6

diversity jurisdiction exists. *Boyer*, 913 F.2d at 111 (stating that a removing defendant bears the burden of establishing subject matter jurisdiction).

In their Notice of Removal, Defendants confusingly assert that diversity jurisdiction exists while also conceding that there is not complete diversity between Plaintiff and Defendants. (Notice of Removal ¶¶ 8, 10–12, 14.) After acknowledging that at least one of the Individual Defendants is a citizen of New Jersey, the only argument for diversity jurisdiction Defendants could make is that Plaintiff fraudulently joined the non-diverse Individual Defendants. Defendants, however, fail to mention fraudulent joinder in the Notice of Removal, much less argue that it is the basis for diversity jurisdiction. (*See generally* Notice of Removal.) Instead, Defendants first argue that Plaintiff fraudulently joined the non-diverse Individual Defendants and first move to dismiss those non-diverse Individual Defendants in their opposition brief to Plaintiff's Motion to Remand.

A notice of removal "must make the basis for federal jurisdiction clear, and contain enough information so that the district judge can determine whether jurisdiction exists." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (Rev. 4th ed. 2019). "A contention that the plaintiff has engaged in fraudulent joinder must be alleged with particularity by the party seeking removal, and supported by clear and convincing evidence." *Id.* § 3723.1. Courts have found the notice of removal procedurally deficient and remanded the action where the defendant fails to raise fraudulent joinder until opposition to a remand motion. *Phillips v. BJ's Wholesale Club, Inc.*, 591 F. Supp. 2d 822, 825–26 (E.D. Va. 2008) (remanding action where "the allegation that [a non-diverse defendant] was fraudulently joined is entirely missing from the petition for removal" (emphasis omitted)); *see also Nordin v. PB&J Resorts, LLC*, No. 15-509, 2016 WL 2757696, at *2–4 (D.N.H. May 12, 2016) (stating that the fraudulent joinder argument raised first in opposition to remand motion was "likely waived," but alternatively finding that the defendants did not meet their "heavy burden" to establish jurisdiction). Here, Defendants fail to

7

meet their heavy burden to establish diversity jurisdiction through fraudulent joinder because the Notice of Removal fails to allege any defendant was fraudulently joined.[3]

Accordingly, because Defendants bear the burden of establishing that subject matter jurisdiction exists and that removal was proper, and because Defendants failed to provide a valid basis for this Court to find there was diversity jurisdiction in the Notice of Removal, the Court grants Plaintiff's Motion to Remand.

### B. Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). A court "has broad discretion and may be flexible in determining whether to require the payment of fees under [§] 1447(c)." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). A court may award attorney's fees "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendants failed to assert in the Notice of Removal that diversity jurisdiction existed because Plaintiff fraudulently joined Individual Defendants. Without reaching the merits

---

[3] Additionally, Defendants' argument, first raised in their opposition brief, that removal was premised "on the basis that [I]ndividual [D]efendants who had not been properly joined and served were named fraudulently in this case" (Defs.' Opp'n Br. 14) appears pretextual. Defendants' Notice of Removal acknowledges that Individual Defendants are citizens of New Jersey yet asserts that the matter was removable "because none of the [I]ndividual [D]efendants who allegedly reside in New Jersey have yet been *served* with the Complaint." (Notice of Removal ¶ 15 (emphasis added).) In other words, Defendants assert that removal is only proper because snap removal circumvents the forum-defendant rule where the forum defendants have not been *served*. But this initial position is undercut by their fraudulent joinder argument made in opposing remand. If Defendants believed at the time of removal that Plaintiff fraudulently joined the non-diverse Individual Defendants, it would have been unnecessary to note that the Individual Defendants were not *served*; instead, Defendants would argue the forum-defendant rule did not apply because there were no *proper* forum defendants.

8

of Defendants' fraudulent joinder argument made in opposition to remand, the Court finds Defendants' argument sufficiently colorable to provide an objectively reasonable basis for removal. Because there is an objectively reasonable basis to seek removal, even though Defendants did not timely raise it, the Court denies Plaintiff's request for reasonable attorney's fees.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion to Remand. The Court denies Plaintiff's request for attorney's fees. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**